**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000281
23-JUN-2023
08:13 AM
Dkt. 102 SO**

NOS. CAAP-21-0000281 AND CAAP-21-0000456

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI

**CAAP-21-0000281**
DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for
the Pooling and Servicing Agreement Dated as of
November 1, 2006 Securitized Asset Backed Receivables LLC
Trust 2006 FR4, Plaintiff-Appellee,
v.
LANI PACIFIC, Defendant-Appellant,
and
LORI J. HAWTHORNE, formerly known as LORI J. BAUER also known as
LORI S. BAUER, Defendant-Appellee,
and
DOES 1 through 20, Inclusive, Defendants
(CIVIL NO. 3CC19100014K)

AND

**CAAP-21-0000456**
LANI PACIFIC, a registered business entity, Plaintiff-Appellant,
v.
DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for
the Pooling and Servicing Agreement Dated as of
November 1, 2006 Securitized Asset Backed Receivables LLC
Trust 2006-FR4, Defendant-Appellee,
and
DOES 1-20, inclusive, Defendants
(CIVIL NO. 3CCV-20-0000212)

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

In this consolidated appeal,[1] Defendant-Appellant/Plaintiff-Appellant Lani Pacific, a registered business entity (**LP**), self-represented,[2] appeals from (1) the March 12, 2021 Judgment (**Foreclosure Judgment**) in CAAP-21-0000281, a foreclosure proceeding (**Foreclosure case**);[3] and (2) the July 6, 2021 Judgment (**Quiet Title Judgment**) in CAAP-21-0000456, a quiet title action (**Quiet Title case**),[4] both entered by the Circuit Court of the Third Circuit (**Circuit Court**),[5] in favor of Bank

LP's opening brief does not fully comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b), and some portions are difficult to comprehend. Despite non-compliance with the HRAP, we endeavor to afford "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up). To promote access to justice, we interpret pleadings prepared by self-represented litigants liberally, and attempt to

---

[1] We consolidated CAAP-21-0000281 and CAAP-21-0000456 by a May 2, 2022 order.

[2] LP is represented on appeal by David Paul Biesemeyer (**Biesemeyer**), the "Registrant/Sole Proprietor" of LP. On July 21, 2021, we denied a motion to dismiss the first appeal, CAAP-21-0000281, filed by Plaintiff-Appellee Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Background Receivables LLC Trust 2006-FR4 (**Bank**), on the grounds that LP was not represented by a Hawaiʻi-licensed attorney, and that Biesemeyer could not represent LP. Citing Garcia v. Fernandez, No. CAAP-18-0000375, 2020 WL 2991784, at *2 (App. June 4, 2020) (SDO), the order denied dismissal because "'Lani Pacific' [is] a trade name, and the circuit court found that 'Lani Pacific is registered by Biesemeyer in the Department of Commerce and Consumer Affairs of the State of Hawaii, Business Registration Division as a Trade Name.'" (Brackets omitted). Garcia held that a sole proprietorship may litigate *pro se*, because the firm name and the sole proprietor's name are but two names for one person and are not separate legal identities. Id.

[3] The Foreclosure case involves Bank's claim that a promissory note and mortgage that was secured by real property located at 79-7250 Saint Paul Road in Kealakekua, Hawaiʻi (**Property**), of which LP was the record owner, was in default and that Bank was entitled to foreclose on the Property.

[4] The Quiet Title case involves LP's claim that Bank had no interest in the Property, LP was the rightful owner of the Property, and LP was entitled to enjoin Bank from claiming any interest in the Property.

[5] The Honorable Robert D.S. Kim presided.

afford them appellate review even though they fail to comply with court rules.  See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  Accordingly, we address LP's contentions to the extent we can discern them.

On appeal, LP contends as "Assignment[s] of Error[,]" that (1) in the Foreclosure case, the Circuit Court erroneously granted Bank's "Motion for Summary Judgment and/or Default Judgment and for Interlocutory Decree of Foreclosure" filed October 15, 2020, that resulted in the March 12, 2021 Foreclosure Judgment; and (2) in the Quiet Title case, the Circuit Court erroneously granted Bank's "Motion for Summary Judgment" filed March 26, 2021, that resulted in the July 6, 2021 Quiet Title Judgment.  We also address two additional discernible assertions made by LP, that:  (3) in the Foreclosure case, the Circuit Court failed to "adjudicate" and enter an order for "[LP]'s Motion for Reconsideration or, New Trial From the 30 November, 2020 Order Denying [LP]'s Motion to Correct All Clerical and Ministerial Mistakes and Errors in the Above-Entitled Court's Minute Order Dated 18 May, 2020" (**Motion for Reconsideration**) and "[LP]'s Motion for: Ratification of Commencement" (**Motion for Ratification**); and (4) in the Quiet Title case, the Circuit Court failed to enter a final judgment for the "Order Granting in Part and Denying in Part [Bank]'s Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment, Filed July 20, 2020" (**Order GIP and DIP Bank's First Quiet Title MSJ**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we affirm.

**Foreclosure case**

On March 12, 2021, the Circuit Court filed its "Findings of Fact and Conclusions of Law; Order Granting [Bank]'s Motion for Summary Judgment and/or Default Judgment and for Interlocutory Decree of Foreclosure Filed October 15, 2020" (**Order Granting Foreclosure MSJ**), and also entered the March 12, 2021 Foreclosure Judgment in favor of Bank, from which LP timely appealed.

**Quiet Title case**

On October 14, 2020, the Circuit Court filed its Order GIP and DIP Bank's First Quiet Title MSJ.

On October 26, 2020, LP filed a Motion for Reconsideration from the Order GIP and DIP Bank's First Quiet Title MSJ, which was denied by a March 23, 2021 order.

On March 26, 2021, Bank filed a Motion for Summary Judgment (**Bank's Second Quiet Title MSJ**), and LP filed a May 10, 2021 opposition.

On May 17, 2021, a hearing was held on Bank's Second Quiet Title MSJ, and the Circuit Court granted the motion.

On July 6, 2021, the Circuit Court filed the Order Granting Bank's Second Quiet Title MSJ and dismissed the Quiet Title case with prejudice.  The Circuit Court also entered the July 6, 2021 Quiet Title Judgment in favor of Bank and against LP, from which LP timely appealed.

**(1)** LP provides no argument why the Circuit Court erred in granting summary judgment and the interlocutory decree of foreclosure in the Foreclosure Case.  LP's contention is waived. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

**(2)** LP contends that the Circuit Court erroneously granted summary judgment in the Quiet Title case because LP's quiet title complaint sufficiently pled a quiet title claim, and the Circuit Court misapplied quiet title laws by relying on the "false premise" that Hawaiʻi's judicial and non-judicial foreclosure statutory laws "trumps and [are] superior" to Hawaiʻi's quiet title statutory laws.  LP provides no discernible argument beyond these assertions, and it is waived. See HRAP Rule 28(b)(7).  LP also did not file a request for the May 17, 2021 transcript of the hearing on Bank's Second Quiet Title MSJ.[6] See HRAP Rule 10(b)(1)(A) (requiring a transcript request "[w]hen

---

[6]     The Order Granting Bank's Second Quiet Title MSJ states, "The Court having considered [Bank]'s MSJ, being fully advised of the record and files herein, for the reasons stated by the Court at the hearing and on the record, and for good cause appearing therefor, it is hereby ordered that [Bank]'s MSJ is GRANTED." (Emphasis added).

an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from . . . ."); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (brackets, citation, and internal quotation marks omitted)).

**(3)** Regarding LP's assertion in the Foreclosure case that the case should be "remanded back" to the Circuit Court for the court to "adjudicate" LP's Motion for Reconsideration and Motion for Ratification, Bank argues that both motions "re-assert[] the same basic arguments that LP has asserted (unsuccessfully) without factual or legal support throughout" the Foreclosure case.

The lack of orders disposing of the Motion for Reconsideration and Motion for Ratification was harmless error, see Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 61,[7] where the record reflects that both motions attempted to relitigate matters that were already disposed of.[8] See Cho v. State, 115 Hawaiʻi 373, 384, 168 P.3d 17, 28 (2007) (explaining that a motion for reconsideration "is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." (quoting Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000))).

---

[7] Under HRCP Rule 61, the "Harmless Error" rule, this court disregards any error that "does not affect the substantial rights of the parties."

[8] The December 10, 2020 Motion for Reconsideration requested that the Circuit Court reconsider and vacate its prior November 3, 2020 Order Denying LP's October 3, 2020 "Motion to Correct All Clerical and Ministerial Mistakes and Errors in the [Circuit] Court's Minute Order Dated 18 May, 2020" (**Motion to Correct Minute Order**). The Motion for Reconsideration substantially repeated the argument previously raised in the Motion to Correct Minute Order.

The December 11, 2020 Motion for Ratification, filed after the Circuit Court granted summary judgment at a November 30, 2020 hearing, substantially repeated the arguments previously raised in LP's November 23, 2020 "Objection" to Bank's summary judgment motion.

**(4)** LP's assertion in the Quiet Title case that the Circuit Court "failed to enter a Final Judgment" for its Order GIP and DIP Bank's First Quiet Title MSJ is not supported by argument, and it is waived. <u>See</u> HRAP Rule 28(b)(7). To the extent LP was seeking to challenge this order here, LP could do so, because the July 6, 2021 Quiet Title Judgment was a final judgment that "brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." <u>Ueoka v. Szymanski</u>, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted).

For the foregoing reasons, we affirm the March 12, 2021 Judgment in CAAP-21-0000281, and the July 6, 2021 Judgment in CAAP-21-0000456, both entered by the Circuit Court of the Third Circuit.

DATED: Honolulu, Hawaiʻi, June 23, 2023.

On the briefs:

David Paul Biesemeyer,
dba LANI PACIFIC, a registered
business entity, Self-
Represented Defendant-
Appellant in CAAP-21-0000281;
and Plaintiff-Appellant in
CAAP-21-0000456.

Lloyd T. Workman,
for DEUTSCHE BANK NATIONAL
TRUST COMPANY,
Plaintiff-Appellee in
CAAP-21-0000281; and
Defendant-Appellee in
CAAP-21-0000456.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja P. McCullen
Associate Judge